**IN THE DISTRICT COURT OF CREEK COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK

SEP 0 5 2025

TIME_____\\:\8_____
Amanda VanOrsdol, COURT CLERK

DAWG BUILT CONSTRUCTION, LLC, an
Oklahoma Limited Liability Company;

    Plaintiff,

v.

MARKEL INSURANCE COMPANY, a Foreign
Corporation;

    Defendant.

Case No.:  **CJ  2025-318**

**ROBERT GETCHELL**

ATTORNEY LIEN CLAIMED

## PETITION

**COMES NOW** the Plaintiff, Dawg Built Construction, LLC, by and through its attorneys

of record, SMOLEN | LAW, PLLC, and for its causes of action against Defendant Markel Insurance

Company, sets forth and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Dawg Built Construction, LLC ("Dawg Built") is an Oklahoma limited

liability company licensed to conduct business in the State of Oklahoma, with its principal place

of business in Creek County, Oklahoma.

2.    Defendant Markel Insurance Company ("Markel") is a foreign corporation,

licensed to conduct business as an insurer in Oklahoma, and regularly conducts business in Creek

County, Oklahoma.

3.    The acts, occurrences, and omissions complained of herein occurred in Creek

County, Oklahoma.

4.    This Court has jurisdiction over the parties, and venue is proper in this Court.



## FACTS COMMON TO ALL CLAIMS

5.    Paragraphs 1-4 are incorporated herein by reference.

6.    Dawg Built is a construction company that builds custom barndominiums, among other things, throughout the State of Oklahoma.

7.    Dawg Built purchased a commercial general liability insurance policy from Markel, policy number MKUS4784146XB1, with a policy period from December 11, 2024, to December 11, 2025 ("Policy").

8.    The Policy contains a One Million Dollar ($1,000,000.00) "Each Occurrence Limit."

9.    In April of 2025, Dawg Built was in the process of constructing a barndominium at 780096 S. 3340 Road, Perkins, OK 74059 ("Residence").

10.    On or around April 22, 2025, a storm came through Oklahoma with high winds that completely flattened the framing of the Residence, which had been completed by that time ("Incident").

11.    Dawg Built sustained approximately One Hundred Twenty Thousand ($120,000.00) of damages from the Incident for labor, materials, and clean-up costs.

12.    On May 7, 2025, Dawg Built made a claim to Markel under the Policy for coverage relative to the Incident.

13.    On June 2, 2025, Markel denied Dawg Built's request for coverage. Markel states the basis for its denial was:

> Moreover, Coverage A of the Policy requires "bodily injury" or "property damage" caused by an "occurrence." It is MIC's understanding that the Insured is seeking insurance coverage for replacement of your own work and materials that were blown down by the storm's high winds. Subject to all of its terms and conditions, Coverage A of the Policy provides insurance coverage for sums the Insured becomes legally obligated to pay as damages because of property damage. No one

is seeking to hold the Insured liable for damages, instead the Insured is seeking coverage for damages to replace its own materials for the work. Therefore, there is no coverage for this claim, as the Insuring Agreement is not triggered.

14.    Subsequently, the owners of the Residence have terminated Dawg Built's contract and demanded payment in excess of Two Hundred Thousand Dollars ($200,000.00) from Dawg Built.

15.    This is a situation wherein liability coverage applies.

16.    At all relevant times, Dawg Built relied on Markel to properly investigate and handle its claim pursuant to Oklahoma law and the coverage afforded under the Policy.

17.    Markel unreasonably denied coverage, which ultimately resulted in Dawg Built sustaining damages.

18.    As a result, Dawg Built has suffered the loss of Policy benefits, and financial hardship because of Markel's actions.

## COUNT ONE – BREACH OF CONTRACT

19.    Paragraphs 1-18 are incorporated herein by reference.

20.    At the time of the Incident, Dawg Built was insured and entitled to benefits under the Policy underwritten and issued by Markel.

21.    Pursuant to the terms of the Policy, this is a situation in which coverage applies.

22.    Dawg Built requested that Markel tender benefits under the Policy and reasonably performed all conditions precedent under the Policy.

23.    Markel unreasonably denied coverage under the Policy.

24.    As a result of Markel's breach of contract, Dawg Built suffered damages in the loss of insurance benefits, in amounts that exceed Seventy-Five Thousand Dollars ($75,000.00).

## COUNT TWO – BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

25.    Paragraphs 1-24 are incorporated herein by reference.

26.    Markel owed Dawg Built a duty to act in good faith and deal fairly in its handling of the claim for benefits under the Policy.

27.    Dawg Built requested that Markel pay liability insurance benefits under the Policy, but Markel failed and refused to do so fully.

28.    In its handling of Dawg Built's claim for benefits under the Policy, and as a matter of routine practice in handling similar claims, Markel breached its affirmative duty to deal fairly and in good faith in the following respects:

a.    Failing to pay the insured benefits it was entitled to receive under the Policy when the insurer knew it was entitled to those benefits;

b.    Withholding payment of benefits due and owing under the Policy when the insurer knew that the insured's claim for such benefits was valid;

c.    Unreasonably delaying payment of benefits under the Policy without a reasonable basis;

d.    Refusing to pay the claim for benefits under the Policy for reasons contrary to the express provisions of the law;

e.    Intentionally and recklessly misapplying provisions of the Policy and looking for ways to avoid paying some or all of the benefits under the Policy;

f.    Failing to investigate the claims for benefits under the Policy properly;

g.    Failing to evaluate the claims for benefits under the Policy properly;

h.   Failing to adopt and implement reasonable standards for the prompt investigation, evaluation, and handling of claims arising under its policy(ies), including this claim;

i.   Unreasonably delaying the claims for benefits and putting the burden of investigation onto the insured and attorneys; and

j.   Failing to attempt to act in good faith to effectuate a prompt and fair settlement of the claims.

29.   As a result of Markel's wrongful conduct set forth herein, Dawg Built has suffered actual damages, including the loss of insurance policy benefits and financial hardship, in amounts that exceed Seventy-Five Thousand Dollars ($75,000.00).

**COUNT THREE – PUNITIVE DAMAGES**

30.   Paragraphs 1-29 are incorporated herein by reference.

31.   The intentional, wanton, and reckless conduct of Markel in disregard of Dawg Built and others was conducted with full knowledge, in that Markel knew, or should have known, of the severe adverse consequences of their actions upon Dawg Built and others.

32.   Such actions were detrimental to Dawg Built and the public in general.

33.   Markel acted intentionally, maliciously, and in reckless disregard of the rights of Dawg Built. As a result, Dawg Built is entitled to recover punitive damages against Markel.

**WHEREFORE**, based on the foregoing, Dawg Built prays that the Court grant it the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), all applicable pre-judgment interest, post-judgment interest, reasonable attorneys' fees, costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

Donald E. Smolen, II, OBA #19944
Christopher U. Brecht, OBA #22500
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
chrisbrecht@smolen.law
*Attorneys for Plaintiff*